THE BOARD OF SUPERVISORS OF CASS COUNTY v. JOEL COWGILL.

*Landlord and tenant—County offices—Deputy register of deeds—Liability for rent—Abstracts.*

1. A deputy register of deeds is, by virtue of his appointment, entitled to the possession and use of the office furnished by the county for and occupied by the register of deeds.

2. The fact that a deputy register of deeds, while in possession of the office furnished by the county for the register of deeds, attends to private business of his own, does not make him a tenant of the county, nor raise an implied promise to pay rent to the county.

   So *held*, where a deputy register of deeds, at the request of the register, kept a set of abstract books in the register's office for use in his business of furnishing abstracts of title on his own account, the register having access to and the use of said books at all times.

3. The payment to a county, by an ex-deputy register of deeds, of rent for the use, for abstract purposes, of the office furnished by the county for the register of deeds, raises no presumption that the tenancy continued after his reappointment as such deputy.

Error to Cass. (Buck, J.) Argued October 11 and 12, 1893. Decided November 10, 1893.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*L. B. Des Voignes,* for appellant.

*Harsen D. Smith,* for defendant.

GRANT, J. It appears from the findings of fact that the county building of Cass county contains four rooms, which are occupied as offices, respectively, by the county

clerk, judge of probate, register of deeds, and county treasurer, and were set apart by the plaintiff for such offices. Defendant was the deputy register of deeds for such county continuously from January 1, 1873, to January, 1891, with the exception of the years 1883 to 1888, both inclusive. He is the owner of a set of abstract books, consisting of 24 volumes, which were kept in the register's office from January 1, 1873, to January, 1891, and were used by him in his business of furnishing abstracts, as occasion required. From 1883 to 1888, inclusive, he paid the county $50 per year for the use of the register's office, but never paid or agreed to pay any rent for the use thereof when he was deputy register. He receives an annual salary as deputy of $25, and 15 cents per page for recording papers. The register of deeds has access to and the use of said books at all times. The books do not interfere with the duties of the register of deeds or his deputy, are a convenience to the register of deeds, and are retained in the office at his request, and used by him, when occasion requires, in searching the records of said office. No charge was made for rent during defendant's first term as deputy register. October 23; 1889, the plaintiff passed a resolution that the defendant be charged $50 per year for the use of room in the register's office. Defendant had notice of this resolution, but gave no assent thereto, and denied plaintiff's right to charge him for rent.

The office of deputy register of deeds is created by statute. How. Stat. § 609. He is required to take the prescribed oath of office, and the register and his sureties are responsible for the faithful performance of his duties. He is required to perform the duties of register during a vacancy or a disability of the register. Id. § 610. The defendant was, therefore, by virtue of his appointment, entitled under the law to the possession and use of the office. The fact

that while so in possession he there attends to private business of his own does not make him a tenant of the county, and raises no implied promise to pay rent. The relation of landlord and tenant did not exist. The payment of rent during the time that he was not deputy raised no implication that the tenancy continued after his appointment. The learned circuit judge was correct in holding the defendant not liable.

Judgment affirmed.

The other Justices concurred.